IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONA PRICE,

vs.

SPECIALIZED SOLUTION SERVICES, LLC, *et al*,

Defendants.

CASE NO.
1:20-cv-0862-RJJ

### DEFENDANTS' BRIEF IN SUPPORT OF
### MOTION TO DISMISS PURSUANT TO FED. R. CIV.P. 12(B)(6)

### INTRODUCTION

Plaintiff's complaint is 63 pages, names 24 separate defendants, and contains 224 paragraphs, most of which contain multiple sentences and many of which contain scandalous information that is completely unrelated to any claim asserted by Plaintiff.

The gravamen of Plaintiff's complaint is that the 24 defendants participated in a conspiracy to obtain steal Plaintiff's "personal and financial information" in order to collect $84.90 debt that the 24 conspirators did not own and which Plaintiff did not owe.

Plaintiff alleges that she received a telephone message from a collector on August 10, 2020. and paid the debt she did not owe the next day "for the sole purpose of identifying and suing the entities" that obtained

her personal and financial information.

### ARGUMENT AND CITATION TO AUTHORITY

**Plaintiff's Complaint Fails to State A Cause of Action Upon Which Relief Can be Granted**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not necessary, but the complaint must contain more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiff's complaint is illustrative of the adage, "Where there is too much, something is missing."

The complaint lists 24 defendants. Many of the defendants are companies. Some of the defendants are wives of a defendant and at least one is the daughter of an individual. Some of the defendants live in Georgia, others in North Carolina. In her complaint, Plaintiff purports to bring a case against all 24 named defendants as a common enterprise that participated and were responsible for placing one telephone call to the Plaintiff about an debt in the amount of $84.90. Plaintiff's complaint gives general, formulaic allegations of a common business enterprise:

> 131. All defendants are intricately bound together and combine their efforts in a joint and common enterprise,

using concerted efforts to collect debts allegedly owed by consumers throughout the United States. Defendants operate collectively and together, in such a way that they are collecting debts for the benefit of each other, and making each defendant jointly and severally for the unlawful acts of each defendant

132. Defendants operate as a single entity, commonly owned, operated and managed. operating from shared office space, sharing the same staff, equipment, supplies and telephonic services, and commingling revenue, expenses and payroll.

133. All defendants, and other entities to be identified in discovery and named as additional defendants in this lawsuit, are intricately bound together and combine their efforts in a joint and common enterprise and use concerted attempts to acquire, collect, and re-sell stolen accounts related to debts allegedly owed by consumers throughout the United States. Defendants and the other entities operate collectively and together, in such as way that they are collecting debts for the benefit of each other, and making each participant jointly and severally for the unlawful acts of each of the other participants.

The Complaint does not describe the acts each defendant took as part of the alleged common business enterprise. The Complaint is a hodgepodge of disparate allegations that have nothing to do with Plaintiff and which took place years ago. For example, the complaint describes a 1995 indictment for a narcotics conspiracy and a 1998 conviction for kidnapping (Complaint, ¶ 67). Those allegations obviously have nothing to with the Plaintiff's allegation that 24 defendants conspired to

collect an $84.90 debt. There are also allegations of a 2009 violation of a supervised release. (Complaint, ¶ 68). Plaintiff does not how these allegations are remotely relevant to a one-time attempt to collect an $84.90 debt in August 2020. The obvious purpose of these allegations is attack defendants personally.

The Complaint laundry lists companies that were formed and dissolved long before the operative events in the Complaint and which could not possibly have been involved in any scheme involving Plaintiff. For example, the Complaint describes National Asset Recovery Systems, which was formed in 2011 and dissolved in 2016, a full four years before the alleged events in the Complaint. (Complaint, ¶¶ 75, 126). Similarly, it describes CAC Financial Enterprise, LLC, an entity that was also dissolved four years before any of the events alleged in the Complaint. (Complaint, ¶ 75).

The Complaint describes lawsuits by the FTC against Defendants McDuffie and Snow that ended 3 years prior to the events described in the complaint and which could not possibly have had anything to do with Plaintiff's allegations. (Complaint, ¶ 97). In short, the Complaint lists 24 different defendants, disparages them as criminals, to suggest that "they are all in it together."

The Complaint alleges that the FDCPA was violated by Defendants, either directly or indirectly, without explaining which defendant was responsible for what acts. Plaintiff alleges that "acts and omissions" of Defendants constitute numerous violations of the FDCPA, but does not state which act or omission against this Plaintiff was committed by which defendant. Plaintiff's Complaint makes the reader parse a slew of general factual allegations about different businesses, separate business structures, different locations in different states, vague and non-specific allegations about alleged relationships among 24 separate individuals and companies. The Defendants cannot possibly decipher which defendant's conduct applies to each count or how the individuals and companies are related. The Complaint makes it difficult, if not impossible for any lawyer to conduct a conflicts check to determine which defendants needs separate lawyers if the case proceeds further. The Complaint reeks of a strategy to allege the "kitchen sink" against so many different persons and entities to make an orderly defense impossible.

**WHEREFORE**, for the foregoing reasons, the Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted, or, alternatively, conditionally

dismissed with leave to file an amended complaint that complies with the federal rules.

Date:  15 October 2020.	By: **/s/ Stephen M. Katz**
Stephen M. Katz
Ga. Bar No. 409065

**THE KATZ LAW FIRM – Ga. LLC**
1225 Johnson-Ferry Road
Building 100 – Suite 125
Marietta, Georgia 30068-5407
Telephone: 770.988.8181
Email: smkatz@katz.legal

## CERTIFICATION OF COMPLIANCE

1. This brief complies with the type-volume limitation of Local Rule 7.3(b)(ii) because this brief contains 1,222 words, excluding the parts of the brief exempted by Local Rule 7.3(b)(i), and

2. This brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2016 in TimesNewRoman 14pt; and

3. This brief complies with the requirements and limitations relating to supporting documents and set forth in Local Rule 7.1(b).

Date: 15 October 2020.          By: s/ Stephen M. Katz
                                    Stephen M. Katz
                                    Ga. Bar No. 409065

THE KATZ LAW FIRM – GA. LLC
1225 Johnson Ferry Road
Building 100 – Suite 125
Marietta, Georgia 30068-5407
Telephone: 770.988.8181
Email: smkatz@katz.legal

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

Pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 5(d)(1)(b), this document was served electronically on all parties and no party or other interested person was required to be served by other means.