Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA NAGLE,                          )
               Plaintiff,        )
                                  )     No. 1:18-cv-199
-v-                                  )
                                  )     Honorable Paul L. Maloney
KAPITAL MEDIATION GROUP, LLC,        )
*et al.,*                            )
               Defendants.       )
_____)

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Plaintiff Sara Nagle alleges the defendants participated in a scheme to coerce payments from consumers who failed to repay small, high interest rate loans. Often, the defendants used stolen personal and financial information to confront and confuse the consumer. Nagle asserts claims under the Fair Debt Collection Practices Act (FDCPA), the Driver's Privacy Protection Act (DPPA), the Michigan Regulation of Collection Practices Act (MRCPA), and the Michigan Occupational Code (MOC).

Defendant Orion Payment Solutions and Defendant Jeremy Poehler (Defendants) filed a motion to dismiss. (ECF No. 15.) Because the complaint alleges sufficient facts which, if true, would plausibly show that Defendants are "debt collectors," the motion will be denied as to the statutory claims. In her response, Nagle "abandons" her invasion of privacy tort claim against these two defendants. For the privacy tort claim, the motion will be granted.

## I.

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Naked assertions without further factual enhancement, formulaic recitations of the elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011).

## II.

Nagle alleges Defendants violated multiple provisions of the FDCPA, §§ 1692d, 1692e, 1692f and 1692g. FDCPA was enacted to address "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); *see Lewis v ACB Bus. Servs., Inc.*, 135 F.3d 389, 398 (6th Cir. 1998) (*Lewis II*). FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). FDCPA generally "regulates interactions between consumer debtors and 'debt collector[s]'" and 'imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To avoid dismissal of the FDCPA claims, Nagle must allege facts supporting the conclusion that Defendants are debt collectors, as that term is defined in the statute.[1]

## A.

The lengthy complaint (ECF No. 14) contains multiple references to Defendants. Importantly, Nagle alleges all of the defendants "conspired together." (Compl. ¶ 2.) Nagle asserts that Orion Payment Solutions (OPS) and Poehler were necessary parts of an enterprise that worked to coerce a payment from her. (*Id.* ¶ 51.) The KMG Defendants contacted Nagle and threatened her with litigation while OPS Defendants collected the

---

[1]    Defendants have requested dismissal of the FDCPA claims and the MRCPA and MOC claims. Defendants reason that the if the FDCPA claims are dismissed, the same arguments apply to the MRCPA and MOC claims. (ECF No. 16 Def. Br. at 7-8 PageID.165-66.) Nagle agrees that her MRCPA and MOC claims will succeed or fail with the resolution of her FDCPA claims. (ECF No. 17 Pl. Resp. at 13 PageID.181.)

money, keeping a percentage of the payment on a commission basis. (*Id.* ¶52.) Nagle insists all of the defendants "are intricately bound together and combine their efforts in a joint and common enterprise and use concerted attempts to collect debts allegedly owed by consumers throughout the United States." (*Id.* ¶ 53.)

Defendants assert the allegations against them are merely conclusory statements devoid of facts, citing paragraphs 33 and 37. Nagle asserts OPS is a debt collector (Compl. ¶ 33) and Poehler is a debt collector. (Compl. ¶ 37). Were those the only assertions, or if the assertions were limited to recitals of the elements of a claim, the Court would agree with Defendants. The complaint, however, contains many additional allegations to support the conclusion that OPS and Poehler are debt collectors. Nagle contends Poehler "created collection policies and procedures used by OPS . . . , and the other named defendants, in connection with their common efforts to collect consumer debts." (*Id.* ¶ 38.) She further alleges Poehler "oversaw the application of the collection policies and procedures used by OPS and its employees and agents." (*Id.*) And, Nagle alleges Poehler "drafted, created, approved or ratified the tactics and scripts used by the other defendants and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to collect an alleged debt from Ms. Nagle as alleged in this complaint." (*Id.*) Nagle contends Poehler had "actual knowledge" that OPS was an "integral part of a scheme" to coerce payments from consumers across the country. (*Id.* ¶ 47.) OPS's business model, as created by Poehler, was to "process payments for entities who regularly employ . . . unlawful debt collection practices . . . ." (*Id.* ¶ 50.) Nagle asserts "OPS and Mr. Poehler provide this niche service and are compensated with a percentage of the money collected, that far exceeds the

amounts charged by legitimate payment processors who process payments for non-fraudulent transactions." (*Id.*)

Nagle has plead sufficient facts to support the conclusion that OPS and Poehler are debt collectors.[2]   The factual allegations in the complaint meet the notice-pleading requirements of Rule 8.  The assertions in the complaint provide sufficient detail to apprise Defendants of both the claims brought against them and the basis for those claims.  The alleged facts concerning OPS and Poehler's involvement in the scheme generally, and their activities regarding debt collection specifically, are more than sufficient to meet the *Twombly-Iqbal* plausibility standard.

## B.

Defendants also argue that they were merely payment processors and not debt collectors.  Defendants point to paragraphs 44 through 47 of the complaint.  There, Nagle asserts OPS has a written agreement with KMG to process payments (Compl. ¶ 44) and specifically processed her payment for one of the other defendants (*Id.* ¶ 46).

For their "payment processors are not debt collectors" argument, Defendants rely on statements made by federal courts in other contexts.  Some debtors have brought FDCPA claims against debt collectors who offered the debtors the ability to pay the debt by credit card.  But, that option came with a fee, a fee charged by the credit card processor.  The Sixth Circuit rejected those FDPCA claims brought by debtors about the fee associated with the

---

[2]      Because the Court reaches this conclusion, Defendants' argument that they cannot be held vicariously liable for the actions of other debt collectors must fail.  Entities who are not debt collectors cannot be held liable for the actions of debt collectors.  *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996).

credit card payment option.  *See Lee v. Main Accounts, Inc.*, 125 F.3d 855 (6th Cir. 1997) (per curiam) (unpublished table opinion).  The court explained why the debt collector did not violate the FDCPA when it disclosed the fee when it gave the debtor the option of paying by credit card.

> First, the five-percent transaction fee mentioned in the letter is not a fee collected by [the debt collector], but a third-party charge triggered when the debtor chose the option of paying by credit card. Secondly, [the debt collector] did not force Lee to pay any surcharge and would not have received any additional compensation from the credit card fee.  As the district court concluded, the nature of this transaction falls outside the scope of 15 U.S.C. § 1692e(2)(B) . . . .  Nor did this payment amount to an "attempt" to collect an extra fee under 15 U.S.C. § 1692f.

*Id.*; *see Lewis v. ACB Business Services, Inc.*, 911 F. Supp. 290, 293 (S.D. Ohio 1996) (*Lewis I*) (finding no violation of § 1692f because the fee would be voluntarily incurred and "would not be paid to [the debt collector] or any entity it controlled and was a standard fee charged by the processor of the payment, an independent entity.").[3]  Regardless of the language used in the two opinions, neither *Lee* nor *Lewis* are particularly useful to Defendants.  In both cases the courts considered whether the card processing fee violated the FDCPA, a matter not at issue here.  And, neither case involved claims against the card processor.

Based on the allegations in the complaint, OPS is not an independent payment processor.  The allegations against Defendants are readily distinguishable from the facts in *Lee* and *Lewis.*  Nagle does allege OPS had a written agreement with KMG to process

---

[3]    The Sixth Circuit affirmed the district court, but resolution of this particular issue was not one of the issues raised on appeal.  *See Lewis II*, 135 F.3d at 398 (listing the three claims of error).

payments.  Again, if that were the only allegation, the Court would be inclined to agree with Defendants.  But, Nagle contends that OPS and KMG were part of a larger enterprise working together to coerce and collect payments and share the profits of their scheme.  The complaint does not allege that a payment to OPS was only one of several payment options. The complaint does allege that OPS kept a portion of the payment as a commission.

## III.

"The DPPA regulates the disclosure and resale of personal information contained in the records of state DMVs." *Reno v. Condon*, 528 U.S. 141, 143 (2000).  The DPPA prohibits any person from knowingly obtaining or disclosing personal information from a motor vehicle record for any reason not permitted by the statute.  18 U.S.C. § 2722(a); *Maracich v. Spears*, 570 U.S. 48, 57 (2013).  Individuals who disclose personal information in violation of the DPPA are liable to the individual whose personal information was involved.  18 U.S.C. § 2724(a); *Maracich*, 570 U.S. at 57.

Defendants argue the complaint fails to state a DPPA claim against them.  Defendants allege that other entities, not OPS or Poehler, obtained Nagle's personal information using different internet subscription databases.  (Compl. ¶¶ 108-109, 118-119.)  Defendants admit that the complaint alleges "all defendants knowingly obtained, disclosed or used Ms. Nagle's personal information . . . ."  (*Id.* ¶¶ 122-23.)  Defendants contend this type of vague factual assertion fails to state a plausible claim under *Twombly* and *Iqbal.*

Like their argument for the FDPCA claim, Defendants overlook some of the other factual allegations in the complaint.  While a defendant other than OPS or Poehler accessed her personal information, the complaint alleges the defendants shared her personal

information with each other, a factual assertion and not a conclusory statement pertaining to the elements of her claim. In addition to paragraphs 122 and 123, Nagle also alleged that "[e]ach defendant shared Ms. Nagle's personal and private financial information among the other defendants, knowing that the other defendants would engage in the unlawful debt collection practices that are described in this complaint." (Compl. ¶ 130.) And, Nagle alleges how the OPS Defendants used her personal information. A "person acting as the KMG Defendants' employee and the OPS Defendants' agent" called Nagle and left a message indicating a lawsuit had been filed against her. (*Id.* ¶ 64.) When she returned the call, "a person acting as the KMG Defendants' employee and agent as well as the OPS Defendants' agent" answered the phone. (*Id.* ¶ 65.) That individual discussed personal financial information concerning two payday loans Nagle obtained. (*Id.*) The representations made during the phone call were based on impermissibly acquired personal financial information. (*Id.* ¶ 79.)

Based on the factual allegations in the complaint, and not on the conclusory statements using the elements of a claim, Nagle has alleged sufficient facts to state a DPPA claim against OPS and Poehler. Even if OPS and Poehler did not obtain Nagle's personal information, they received and shared the information with the other defendants as part of the larger debt-collecting enterprise. The personal information was used by an agent of Defendants in an attempt to coerce a payment from Nagle.

## IV.

Nagle has provided enough details in her factual allegations to inform Defendants of the claims brought against them. Those factual allegations are sufficient to state plausible

claims.  For this motion, the Court must accept well-pled factual allegations.  It may come to pass that Orion Payment Solutions and Poehler are simply independent credit card payment processors who had no connection to the other defendants except for a contact to process payments.  Nagle has pled otherwise, and the Court must accept her pleadings as true.

## ORDER

For the reasons provided in the accompanying Opinion, Defendants' motion to dismiss (ECF No. 15) is **GRANTED IN PART and DENIED IN PART.**  Plaintiff's privacy tort claim against these two defendants is **DISMISSED.  IT IS SO ORDERED.**


Date:__June 7, 2019__                                       ____/s/ Paul L. Maloney____
                                                            Paul L. Maloney
                                                            United States District Judge