UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONA PRICE,

      Plaintiff,                            CASE NO. 1:20-CV-862

v.                                           HON. ROBERT J. JONKER

SPECIALIZED SOLUTION
SERVICES, LLC, et al.,

      Defendants.
_____/

JOINT STATUS REPORT

     A Rule 16 Scheduling Conference is scheduled for November 30, 2020 at 4:00 p.m. before the Honorable Robert J. Jonker. Appearing for the parties as counsel will be Phillip C. Rogers for plaintiff and Stephen M. Katz for defendants.

    1.      Jurisdiction: The basis for the court's jurisdiction is: 15 U.S.C. § 1692k(d), Fair Debt Collection Practices Act ("FDCPA"); 18 U.S.C. § 2724(a), Drivers Privacy Protection Act ("DPPA"); 28 U.S.C. § 1331, Federal Question; and 28 U.S.C. § 1367, Supplemental Jurisdiction.

    2.      Jury or Non-Jury: This case is to be tried by the court as trier of fact and law.

    3.      Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

    4.      Statement of the Case: This cases involves:

Statement of Plaintiff:

Plaintiff Mona Price is a victim of credit identity theft and extortion.

Ms. Price had a credit account with non-party Guaranty Bank. The account was closed in 2017. Guaranty Bank claimed that the closed account had an unpaid balance of $84.90. Ms. Price disputed owing the debt. In December 2017, Guaranty Bank charged off the alleged debt and sold the account to non-party

Absolute Resolutions Corporation, which in turn sold the account to non-party First Financial Investment Fund Holdings, LLC ("FFIFH"). FFIFH has remained the owner of the disputed account at all times form December 2017 to the present.

Despite the foregoing, criminals somehow stole Ms. Price's charged-off account, along with Ms. Price's personal and financial information, and have repeatedly sold the data to scam operators around the country, for the purpose of contacting and falsely threatening Ms. Price with prosecution, litigation and other adverse consequences, in efforts to extort the payment of money from Ms. Price. The defendants named in this lawsuit are the most current entities to obtain Ms. Price's stolen account and personal and financial information, and use that information to contact and falsely threaten Ms. Price in efforts to extort the payment of money.

Defendants operate a large credit identity theft and debt collection ring, obtaining large portfolios of stolen consumer personal and financial information, along with stolen and counterfeit consumer accounts, and using that information to contact, intimidate, and falsely threaten consumers with prosecution, litigation and other adverse consequences, in efforts to extort the payment of money from their victims. Many of the defendants named in plaintiff's complaint have been sued by the Federal Trade Commission and other governmental agencies for running debt collection scams, and barred for life from collecting debts.

In August of 2020, defendants' employees and agents contacted and falsely threatened Ms. Price with prosecution, litigation and other adverse consequences unless Ms. Price paid money to defendants, as detailed in the complaint.

Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. § 2721 *et seq.,* Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L..§ 445.251 *et seq.,* and Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.,* entitling Ms. Price to actual damages, statutory damages, punitive damages, costs and attorney fees. In addition, Ms. Price seeks the identity of the entities from whom defendants acquired Ms. Price's stolen personal and financial information.

<u>Statement of Defendants</u>:

Defendants, and each of them, deny they conspired or participated individually in identity theft or extortion. Defendants, and each of them, deny that they "operate a large credit identity theft and debt collection ring," "obtain[] large portfolios of stolen consumer personal and financial information," or "stolen and counterfeit consumer accounts…" Defendants, and each of them, deny that they "intimidate,

and falsely threaten consumers with prosecution, litigation and other adverse consequences… " Defendants, and each of them, deny that they "extort the payment of money" from anyone, including the Plaintiff.

Defendants further contend that the Plaintiff lacks Article III Standing and deny that Plaintiff's complaint, as drafted, states a cause of action upon which relief can be granted.

5. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by January 29, 2021.

6. <u>Disclosures and Exchanges</u>:

   (i) Fed.R.Civ.P. 26(a)(1) initial disclosures: December 14, 2020.

   (ii) Fed.R.Civ.P. 26(a)(2) expert disclosures: March 30, 2021.

   (iii) Fed.R.Civ.P. 26(a)(3) pretrial disclosures: 60 days before trial.

   (iv) On November 20, 2020, plaintiff's attorney emailed to defendants' attorney, an audio file containing a voice message that plaintiff claims defendants left on plaintiff's cellular telephone voice mail as alleged in Paragraph 153 of the complaint. Otherwise, the parties are unable to agree on voluntary production at this time.

   (v) Initial Disclosure of potential lay witnesses: March 30, 2021.

   Defendants assert that discovery should be stayed pending the Court's ruling on Defendants' motions to dismiss. Plaintiff is opposed to any delay in discovery.

7. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by May 31, 2021. The parties recommend the following discovery plan:

   (i) The parties do not request any changes in the timing, form, or requirements for disclosures under Rule 26(a), other than as stated above in Paragraph 6.

   (ii) <u>Discovery plan - Plaintiff</u>: The subjects on which discovery may be needed include: (1) documents, contracts, emails and information pursuant to which defendants obtained plaintiff's account and personal and financial information; (2) documents, contracts, emails and information to identify any and all of defendants' owners, directors, officers, members, managers,

employees, agents and related companies for calendar year 2020; (3) documents, contracts, emails and information to identify any and all entities in which any defendant has been an owner, director, officer, member, manager, employee, or agent for calendar year 2020; (4) documents, including banking information, pursuant to which defendants established and used any merchant account to receive payments from consumers being dunned by defendants for calendar year 2020 and showing the distribution of funds for the purpose of identifying defendants' co-conspirators; (5) documents, emails, communications and other information, related to consumer complaints, charge-backs, bank inquiries and complaints, and other disputes, received by defendants and related to accounts being collected by the defendants; (6) the addresses of defendants' business locations; (7) the federal and state tax returns for defendants for tax year 2019; (8) copies of the leases and related documents, pursuant to which defendants have occupied any office space in 2019 and 2020, for the purposes of identifying defendants' co-conspirators; (9) documents, contracts, emails, and other information, regarding and including the procedures, equipment, software, and telephonic and email communication lines, pursuant to which defendants manage the collection of money from consumers; and (10) defendants' complete file regarding plaintiff's account, including all notes regarding defendants' efforts to collect the account.

        Plaintiff states that there is no need to conduct discovery in phases or to limit discovery to certain issues.

        Plaintiff requests that the Court's presumptive limitation of 25 interrogatories per side be increased to 50 interrogatories per side because of the large number of defendants. Plaintiff acknowledges the Court's presumptive limitation that depositions be limited to 10 per side, each of no more than 7 hours duration.

   (iii)   <u>Discovery plan - Defendants</u>: Defendants assert that discovery should be stayed pending the Court's ruling on Defendants' motions to dismiss and, in any event, oppose any expansion of the limitations of discovery contained in the Federal Rules of Civil Procedure.

8.   <u>Motions</u>:  The parties anticipate that all dispositive motions will be filed by July 1, 2021

9.   <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to voluntary facilitative mediation.

10. <u>Length of Trial</u>: Counsel estimate the trial will last approximately four days total, allocated as follows: Two days for plaintiff's case and two days for defendants' case.

11. <u>Prospects of Settlement</u>: The status of settlement negotiations is: On October 10, 2020, plaintiff's attorney emailed a settlement demand to defendants' attorney. Defendants did not respond. The settlement demand has expired.

12. <u>Electronic Document Filing System</u>: All parties are represented by counsel. Counsel are participating in electronic filing.

Dated: November 23, 2020        /s/ Phillip C. Rogers
                                Phillip C. Rogers (P34356)
                                Attorney for Plaintiff
                                6140 28th St. SE, Ste. 115
                                Grand Rapids, MI 49546-6938
                                (616) 776-1176
                                Fax: (616) 776-0037
                                consumerlawyer@aol.com


Dated: November 23, 2020        /s/ Steven M. Katz
                                Steven M. Katz
                                The Katz Law Firm LLC
                                Attorney for Defendants
                                1225 Johnson Ferry Rd., Ste. 125
                                Marietta, GA 30068-5407
                                (770) 988-8181
                                Fax: (770) 988-8182
                                smkatz@katz.legal